# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK WILLIAMS, an individual, by and through his Guardian ad Litem, WILLIAM GONZALEZ; ROSALINDA GONZALEZ, an individual; ASHLEY GONZALEZ, an individual, by and through her Guardian ad Litem, WILLIAM GONZALEZ; CARMEN WILLIAMS, an individual, by and through her Guardian ad Litem, WILLIAM GONZALEZ, WILLIAM GONZALEZ, Guardian ad Litem,<br><br>Plaintiffs,<br>vs.<br><br>T. BYRNE, an individual; K. SEEL, an individual; MICHAEL ASTORGA, an individual; FNU SAMUELS, an individual; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF SAN DIEGO, a public entity; and Does 1-100, inclusive,<br><br>Defendants. | CASE NO. 10cv01446-LAB (RBB)<br><br>**ORDER APPROVING WITHDRAWAL OF COUNSEL** |

Counsel for Plaintiffs, the Gomez Law Firm, has requested permission to withdraw from this case pursuant to Local Rule 83.3(g)(3) because Plaintiffs have made it unreasonably difficult for GLF to represent them. Plaintiffs have not been in regular communication with GLF, and Plaintiff Derek Williams, allegedly, has engaged in recent

criminal conduct that has made it unreasonably difficult for GLF to conduct discovery.

Local Rule 83.3(g)(3) allows for an attorney of record to withdraw from a case if he serves notice to his client and the adverse party *and* proves that such service was successful. The Court also looks to California Rule of Professional Conduct 3-700(C)(1)(d) and (f), which allows for attorney withdrawal when a client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." The Court finds, based on the brief of GLF and the supporting declaration of Steven Vosseller, that the withdrawal of GLF is warranted, and will not unfairly prejudice the Plaintiffs.

While GLF has apparently served the notice of withdrawal on Plaintiffs and the Defendants, it has only filed a certificate of service for the Defendants. The request to withdraw is **GRANTED**, but only upon the filing of proof that the Plaintiffs have also been notified of GLF's intent to withdraw. At that time, Plaintiffs shall have 21 days to either retain new counsel or notify the Court of an intent to proceed *pro se*. If the Court does not hear from Plaintiffs within this 21-day period, the Court will dismiss this case with prejudice. GLF should also serve the Plaintiffs personally with this Order.

**IT IS SO ORDERED**.

DATED: June 30, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge